# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JESUS BUZO-ZEPEDA, AKA Jesus
Sanchez-Esperanza, AKA Jesus
Geovani Buzo,
    *Defendant-Appellant.*

No. 09-50190

D.C. No.
2:08-cr-01462-
VBF-1

OPINION

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted
February 3, 2010—Pasadena, California

Filed June 25, 2010

Before: Mary M. Schroeder, Raymond C. Fisher and
N. Randy Smith, Circuit Judges.

Opinion by Judge N.R. Smith

9325

**COUNSEL**

Davina T. Chen, Deputy Federal Public Defender for the Central District of California, argued the cause for the defendant-appellant and filed the briefs. Sean K. Kennedy, Federal Public Defender for the Central District of California, also was on the briefs.

Jennifer M. Resnik, Special Assistant United States Attorney, argued the cause for the appellee and filed the briefs. George S. Cardona, Acting United States Attorney for the Central District of California, and Christine C. Ewell, Assistant United States Attorney for the Central District of California, also were on the briefs.

---

## OPINION

N.R. SMITH, Circuit Judge:

We hold that a "*Johnson* waiver" in California state court has no effect on the determination of whether a defendant qualifies for a point increase under United States Sentencing Guidelines Manual § 4A1.1, Criminal History Category. A "*Johnson* waiver" is a unique California state court procedure, wherein the defendant voluntarily forfeits the credit for time already served in jail, so that the state sentencing court may impose additional time in jail on the conviction (as opposed to sending the defendant to prison) without violating California Penal Code section 19.2—which allows a maximum term of confinement in county or city jail of no more than one year. Guidelines § 4A1.1 requires that a defendant previously sentenced to a term of imprisonment exceeding one year and one month be assessed an additional three points to his criminal history score. We conclude that whether or not a defendant has "waived back time," under a "*Johnson* waiver," has no relevance to the term of imprisonment calculation under Guidelines § 4A1.1. Therefore, we affirm the sentence imposed by the district court.

## I.   BACKGROUND

Jesus Buzo-Zepeda is a citizen of Mexico and an alien. In July 2006, Buzo-Zepeda was convicted in California on a state drug trafficking offense and sentenced to 270 days in

county jail followed by three years' formal probation. Following his conviction, he was deported from the U.S. on two separate occasions: September 2006 and July 2007.

In May 2008, the Los Angeles Police Department arrested Buzo-Zepeda for contempt of court for violating a permanent gang injunction. At that time, Buzo-Zepeda was still on probation for the state drug trafficking conviction. The state court revoked his probation and sentenced him to an additional term of imprisonment of 194 days. In order that he might serve this additional time in the county jail without contravening section 19.2, Buzo-Zepeda "waived back" his original time served, asking the court to ignore the fact that he had already been sentenced to 270 days in the county jail.

While Buzo-Zepeda was serving this additional sentence, the federal prosecutor charged Buzo-Zepeda with being an alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. Buzo-Zepeda pleaded guilty to the charge on January 9, 2009. At the sentencing hearing, the district court found that Buzo-Zepeda was sentenced to more than 13 months imprisonment for his California drug trafficking charge. Buzo-Zepeda was, therefore, subject to a three point increase pursuant to §§ 4A1.1(a) and 4A1.2(k) of the Guidelines.

Buzo-Zepeda argued at sentencing, as he does now on appeal, that he cannot be considered to have been sentenced to more than 365 days imprisonment on his state court conviction, as a matter of California law. The sentencing court entertained argument on this point and ultimately rejected his position.

## II.  ANALYSIS

We are presented here with a question of law: whether California's statutory cap on jail sentences and subsequent California case law, allowing for "waiver" of previous jail time

served (in order to circumvent California's cap on the amount of time a defendant may spend in a city or county jail), affect the federal criminal history calculation under Guidelines § 4A1.1. We review *de novo* questions of law regarding interpretation of the Guidelines. *United States v. Tankersley*, 537 F.3d 1100, 1110 (9th Cir. 2008).

1.   Before considering the "*Johnson* waiver" and its effect on sentence calculations under the Guidelines, we must determine whether Buzo-Zepeda's state term of imprisonment was of sufficient length to qualify him for a three point increase to his criminal history score, under Guidelines § 4A1.1. We hold that it was, for the following reasons.

**[1]** Guidelines § 4A1.1 mandates the number of points to be assessed for a defendant's prior criminal convictions when calculating his criminal history category. U.S. Sentencing Guidelines Manual § 4A1.1. "The definitions and instructions in § 4A1.2 govern the computation of the criminal history points. Therefore, §§ 4A1.1 and 4A1.2 must be read together." *Id.* § 4A1.1 cmt. commentary. In Buzo-Zepeda's case, if the court found that he received a "sentence of imprisonment exceeding one year and one month," then Guidelines § 4A1.1 requires the court assess a three point increase to his criminal history score. *Id.* § 4A1.1(a). However, he would only be subject to a two point increase "for each prior sentence of imprisonment of at least sixty days not counted in (a)." *Id.* § 4A1.1(b).

**[2]** The term "sentence of imprisonment" refers to the maximum unsuspended sentence of incarceration imposed. U.S. Sentencing Guidelines Manual § 4A1.2(b). If the defendant actually served a period of imprisonment on the sentence, "criminal history points are based on the sentence pronounced, not the length of time actually served." *Id.* § 4A1.2 cmt. n.2; *see United States v. Gonzales*, 506 F.3d 940, 943 (9th Cir. 2007). In a case, such as here, where there was an original term of imprisonment for an offense, and then

a later term imposed upon revocation of probation, those two terms are added together. U.S. Sentencing Guidelines Manual § 4A1.2(k)(1). That total term is used to compute the criminal history points under § 4A1.1, and if the total exceeds thirteen months, then a maximum of three points are to be assessed. U.S. Sentencing Guidelines Manual § 4A1.2(k) & cmt. n.11.

**[3]** The district court did not err in assessing a three point increase to Buzo-Zepeda's criminal history score for his California drug trafficking conviction. At the time of conviction, Buzo-Zepeda was sentenced to a term of 270 days in jail. Later, when his probation was revoked, he was sentenced to 194 days in jail. The district court properly added those terms under United States Sentencing Guidelines Manual § 4A1.2(k). The sum of those sentences (464 days) is greater than one year plus one month. Buzo-Zepeda was, therefore, subject to a three point increase to his criminal history score, pursuant to Guidelines § 4A1.1(a).

**[4]** 2.   Having held that Buzo-Zepeda's total sentence of imprisonment subjects him to a three point increase under Guidelines § 4A1.1, we now turn to the applicability of California's "*Johnson* waiver." In *People v. Johnson*, 147 Cal. Rptr. 55 (Ct. App. 1978), the California Court of Appeal created a procedure wherein a sentencing court could circumvent the statutory cap on the total amount of time a defendant could be imprisoned in a county or city jail. California Penal Code section 19.2 states: "In no case shall any person sentenced to confinement in a county or city jail . . . be committed for a period in excess of one year . . . ." In *Johnson*, the California Court of Appeal held that a proper interpretation of this statute permits the defendant to "knowingly and intelligently waive the [requirement that] all days of custody be credited to his sentence." 147 Cal. Rptr. at 58. *See also People v. Arnold*, 92 P.3d 335, 338-39 (Cal. 2004). Therefore, if a defendant waived the days served in jail on the previous jail sentence for that conviction, the court could sentence the defendant to jail a second time for a term not exceeding the

one year cap, without violating California Penal Code section 19.2 (a "*Johnson* waiver"). *Arnold*, 92 P.3d at 338-39.

**[5]** Buzo-Zepeda concedes that his combined sentence of imprisonment exceeds the one year plus one month threshold of Guidelines § 4A1.1. Instead, he argues that because the term "sentence of imprisonment" refers to the "maximum sentence imposed" and because the maximum jail sentence that can be imposed in California is one year, he could not have received a sentence of imprisonment greater than one year. We are not persuaded by Buzo-Zepeda's reliance upon California's characterization of the nature of the sentence. As we held in *United States v. Mendoza-Morales*, "state judicial characterizations of the purpose or nature of a sentence are irrelevant in determining whether the sentence was a sentence of imprisonment." 347 F.3d 772, 774 (9th Cir. 2003). Therefore, we hold that California's sentencing cap, and subsequent California judicial interpretation allowing for defendants and judges to circumvent that cap, has no effect on criminal history calculation under the United States Sentencing Guidelines Manual.

### III.   CONCLUSION

Accordingly, we **AFFIRM** the sentence imposed by the district court.