**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10240 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00242-EJG-1 |
| v. | |
| JIMMY SALCEDO, a.k.a. Jimmy Sanchez Salcedo, a/k/a Jimmy Salcedo Salinas, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, District Judge, Presiding

Argued and Submitted June 14, 2010
San Francisco, California

Before: O'SCANNLAIN, TASHIMA, BEA, Circuit Judges.

Jimmy Salcedo appeals the calculation of his sentence following his guilty

plea, without a plea agreement, to illegal reentry of a previously deported alien, a

violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291 and

18 U.S.C. § 3742(a), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review *de novo* a district court's determination that a prior conviction may be used in calculating a defendant's criminal history score. *United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir. 1998). If the district court incorrectly calculates the advisory Sentencing Guidelines' range, it is an error of law even though those Guidelines are advisory. *United States v. Carty*, 520 F3.3d 984, 991, 993 (9th Cir. 2008) (en banc).

In reviewing a lower court's factual findings, we:

> determine whether the trial court's application of the correct legal standard [to the facts] was (1) "illogical," (2) "implausible," or (3) without "support in inferences that may be drawn from the facts in the record." If any of these three apply, only then are we able to have a "definite and firm conviction" that the district court reached a conclusion that was a "mistake" or was not among its "permissible" options, and thus that it abused its discretion by making a clearly erroneous finding of fact.

*United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (citation omitted).

Salcedo pleaded guilty to the indictment, which charged that he was found by immigration officers in the Sacramento County jail on March 10, 2008, where he was serving a jail sentence for the state conviction of assault with a deadly weapon with likelihood of great bodily injury. Salcedo has a lengthy history of felony convictions for violent crimes.

2

He disputes the pre-sentence report's assessment of three criminal history category points for one of those crimes—a 1998 felony conviction for inflicting corporal injury on a spouse or cohabitant. The district court correctly interpreted the 1998 documents of conviction, which explicitly state that Salcedo's sentence was for a "TOTAL TERM 459 Days CJ [county jail]." The record further shows that Salcedo agreed to a sentence of up to 16 months in state prison, which was suspended so that he could receive his 459-day jail sentence and a grant of probation. *See United States v. Buzo-Zepeda*, No. 09-50190, 2010 WL 2541256, *2–*3 (9th Cir. June 25, 2010) (construing California's waiver provision set forth in *People v. Johnson*, 147 Cal. Rptr. 55 (Cal. Ct. App. 1978), and holding the state's characterization of the sentence does not affect the Guidelines' calculation).

Salcedo also challenges the pre-sentence report's assessment of two criminal history category points because he was discovered in the United States while he was serving a sentence of imprisonment for another crime. The date Salcedo was found by the immigration authorities is relevant because illegal reentry under 8 U.S.C. § 1326 is considered a continuing offense that is completed only upon "the alien's discovery by the immigration authorities." *United States v. Hernandez*, 189 F.3d 785, 790 (9th Cir. 1999).

Salcedo contends the date the immigration authorities said they had found him, March 10, 2008, was incorrect, and he had actually been found by immigration authorities on October 23, 2007, six days before he was sentenced in the state case. The district court did not abuse its discretion in finding that the immigration authorities did not discover Salcedo until March 10, 2008. The record shows that the indictment to which Salcedo pleaded guilty charged "the defendant was found in the United States on March 10, 2008." Although Salcedo claims a probation officer sent the immigration authorities notice of his presence on October 23, 2007, there is no evidence in the record that the immigration authorities actually received such notice.

Next, Salcedo contends the government's decision not to offer him a "fast-track" disposition, where the government would move for a four-level reduction in his offense level pursuant to U.S.S.G. § 5K3.1, created an unwarranted sentencing disparity between his sentence and the sentences of other defendants who are given this downward departure. We have already rejected this argument. *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 741 (9th Cir. 2009).

Finally, Salcedo's sentence is both procedurally and substantively reasonable. The district court considered and correctly applied all the relevant sentencing factors in 18 U.S.C. § 3553(a), which Salcedo does not challenge.

4

The district court imposed a 77-month sentence, which is at the bottom of the applicable Sentencing Guidelines range. Considering Salcedo's lengthy criminal history, the sentence is quite lenient. Unlike the defendant in *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), Salcedo's most serious convictions are recent. He was last convicted in 2007 of assault with a deadly weapon likely to cause great bodily injury, a crime of violence. He also has three other convictions for domestic violence within the last fifteen years. After being deported multiple times, Salcedo continues to return to the United States to commit more crimes of violence.

**AFFIRMED.**

5