**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50261 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00006-VAP-1 |
| v. | |
| OSCAR ROMERO-RODRIGUEZ, AKA Oscar Rodriguez-Romero, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted February 9, 2011
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and ZOUHARY, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jack Zouhary, District Judge for the U.S. District
Court for the Northern District of Ohio, sitting by designation.

Oscar Romero-Rodriguez appeals his prison sentence of 46 months for unlawful re-entry following removal in violation of 18 U.S.C. §§ 1326(a), (b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.  In calculating Romero-Rodriguez's criminal history category, the district court correctly added two points each for his 1999 and 2005 state convictions. Sentencing Guidelines § 4A1.1(b) permitted the district court to add two criminal history points "for each prior sentence of imprisonment of at least 60 days" which Romero-Rodriguez actually served.  In each case, the Los Angeles County Superior Court imposed a partially suspended sentence with a term of incarceration of at least 60 days as a condition of probation.  Romero-Rodriguez actually served time in jail for both convictions.  Therefore, pursuant to U.S.S.G. § 4A1.1(b), the district court properly assigned two points for each conviction.  *See United States v. Buzo-Zepeda*, 609 F.3d 1024, 1026 (9th Cir. 2010); *United States v. Mendoza-Morales*, 347 F.3d 772, 778 (9th Cir. 2003).

2.   The district court also added one point for a 2008 state conviction for felony transportation of marijuana, to which Romero-Rodriguez pled *nolo contendre*.  This was correct, at the time.  The 2008 case was dismissed without entry of judgment, however, so the additional point is now improper.  *See United States v. Guthrie*, 931 F.2d 564, 572 (9th Cir. 1991).  Nonetheless, this error is

2

harmless because Romero-Rodriguez remains in the same criminal history category of V, placing him within the same guidelines sentencing range of 46 to 57 months. *See* U.S.S.G § 5A. The district court thoroughly considered the 18 U.S.C. § 3553(a) factors and sentenced Romero-Rodriguez to 46 months, the lowest end of the range. Therefore, even without the 2008 conviction, these same § 3553(a) factors would apply and the district court would have imposed the same sentence. *See Williams v. United States*, 503 U.S. 193, 203 (1992); *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1174 (9th Cir. 2009). Romero-Rodriguez has shown no prejudice.

3. Romero-Rodriguez failed to show a likelihood that his sentence would have changed had his trial counsel objected to the calculation of his criminal history points, and therefore there is not a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

**AFFIRMED**.