**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50301 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-04739-GT-1 |
| v. | |
| JUAN JOSE DIAZ-CRUZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Submitted November 8, 2012**
Pasadena, California

Before: BRIGHT***, GRABER, and IKUTA, Circuit Judges.

Juan Diaz-Cruz appeals from the sentence imposed for his conviction under

8 U.S.C. § 1326. We vacate his sentence and remand for re-sentencing.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

The record does not support Diaz-Cruz's argument that the district court failed to appreciate its discretion to deviate from the Sentencing Guidelines for policy reasons. Although the district court did not explicitly respond to Diaz-Cruz's policy argument, it exercised its discretion to impose a below-Guidelines sentence after noting that it had such discretion and expressing its view that the Guidelines range was excessively harsh.

We also reject Diaz-Cruz's argument that the district court improperly denied him a downward departure for cultural assimilation. *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006). We do not review a district court's decision to deny a downward departure, because the scheme of departures is "essentially replaced by the requirement that judges impose a 'reasonable' sentence." *Id.* There is no reason to conclude that the sentence imposed was substantively unreasonable. In any event, because the district court reasonably concluded that Diaz-Cruz's criminal history made him a risk to the public, a cultural assimilation departure would have been unwarranted. U.S.S.G. § 2L1.2 cmt. n.8 (2010).

The district court erred in determining that Diaz-Cruz was sentenced to 445 days of jail time for his state conviction. Because a California state court may not sentence a defendant to an aggregate term in jail that exceeds one year without a

2

*Johnson* waiver, *People v. Johnson*, 82 Cal. App. 3d 183, 184–85 (Ct. App. 1978); *United States v. Buzo-Zepeda*, 609 F.3d 1024, 1025 (9th Cir. 2010), and there is no evidence of such a waiver in the record, Diaz-Cruz's sentence of 365 days in jail after his violation of probation for the state conviction necessarily included his prior sentence for 80 days in jail. *See United States v. Gomez-Leon*, 545 F.3d 777, 785 (9th Cir. 2008). Because the district court's error resulted in an incorrect criminal history score and an incorrect Guidelines range, the district court might have arrived at a different sentence had it not made such an error. *United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) (per curiam). Therefore, we cannot say that the error was harmless. *Id.*

**VACATED and REMANDED.**

3