NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50020 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-02802-LAB-1 |
| v. | |
| RAFAEL MARTINEZ-LOPEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Argued and Submitted January 12, 2021
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Defendant Rafael Martinez-Lopez appeals the district court's judgment

sentencing him to twenty-four months' imprisonment. We have jurisdiction under

28 U.S.C. § 1291, and we vacate and remand to a new judge for resentencing.

Martinez-Lopez pleaded guilty to illegal reentry under 8 U.S.C. § 1326. In

the plea agreement, the government promised to recommend "the low end of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

advisory guideline range as calculated by the Government." The government initially calculated the advisory guideline range to be eighteen to twenty-four months, based in part on the government's belief that the total sentence Martinez-Lopez received for a 2010 DUI conviction, including the sentence imposed when his probation was revoked, exceeded thirteen months, which would have increased both the offense level points and the criminal history points for that conviction under United States Sentencing Guidelines (U.S.S.G.) §§ 2L1.2(b)(2)(C), 4A1.1(a).[1] Martinez-Lopez objected, claiming that under our decision in *United States v. Gomez-Leon*, 545 F.3d 777 (9th Cir. 2008), his sentence, for guideline calculation purposes, was necessarily no more than 365 days. The government then agreed with defendant and amended its calculation to reflect an advisory guideline range of eight to fourteen months, specifically citing *Gomez-Leon*. The government filed its amended sentencing summary chart the weekend before a Monday sentencing hearing. Going into sentencing, then, the "low end of the advisory guideline range *as calculated by the Government*" was eight months.

---

[1] If the sentence were to exceed thirteen months, the conviction would be assigned six offense level points and three criminal history points, as opposed to four offense level points and two criminal history points for a sentence less than thirteen months. U.S.S.G. §§ 2L1.2(b)(2), 4A1.1. Here that made a substantial difference in the advisory guideline range by both increasing the offense level and placing Martinez-Lopez in criminal history category IV rather than III.

The sentencing AUSA was new to the case, did not know that the government had amended its recommendation, and mistakenly reviewed the government's original calculation. The AUSA thus recommended an eighteen-month sentence several times during the sentencing hearing, though he eventually changed his recommendation to reflect the government's amended calculation. Still, the district court decided that *Gomez-Leon* did not apply and that the defendant's total sentence for the 2010 DUI conviction exceeded thirteen months for guideline purposes. And although the district court claimed to "calculate the guidelines both ways," based on both the defense attorney's proposed guideline range (based on *Gomez-Leon*) and the higher range, it applied a downward variance based on mitigating factors only to the higher range. Ultimately, the district court sentenced Martinez-Lopez to twenty-four months.[2]

Martinez-Lopez contends both that the government breached the plea agreement and that the district court erred in assigning six offense level points and three criminal history points to his 2010 DUI conviction. We review both claims de novo. *See United States v. Alvarez*, 835 F.3d 1180, 1187 (9th Cir. 2016); *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170–71 (9th Cir. 2017) (en banc).

---

[2] The judge declined to apply the "fast track" four-level decrease recommended by the government per a separate term of the plea agreement, making the possible sentencing ranges either eighteen to twenty-four months or thirty to thirty-seven months. Martinez-Lopez does not claim that the court abused its discretion in declining to apply this fast-track departure.

We first conclude that the government breached the plea agreement. The government is correct that it "was free . . . to amend its sentencing recommendation at the sentencing hearing," given the absence of any calculation expressly agreed upon in the plea agreement. But the government concedes that its attorney initially recommended eighteen months at the sentencing hearing not because the government had recalculated the proper sentencing range, but rather "[d]ue to a miscommunication." "The staff lawyers in a prosecutor's office have the burden of 'letting the left hand know what the right hand is doing' or has done. That the breach of agreement was inadvertent does not lessen its impact." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

Nor does the fact that the government eventually got the sentencing recommendation right mean there was not a breach. An initial erroneous recommendation might not constitute a breach if it was a "mere slip of the tongue or typographical error." *United States v. Alcala-Sanchez*, 666 F.3d 571, 576 (9th Cir. 2012). But that was not the case here. Furthermore, "[t]hat the government changed its recommendation before the district court sentenced [Martinez-Lopez] does not change [this] conclusion. . . . [T]he argued impact on the sentencing judge, when there is a breach of a plea agreement by making an erroneous sentencing recommendation and subsequent correction, is irrelevant." *Id.* at 577. We thus remand for resentencing before a different judge, "in no sense to question the

4

fairness of the sentencing judge," but "because the case law requires us to do so" when a prosecutor breaches a plea agreement. *United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000) (citations omitted). "We intend no criticism of the district judge by this action, and none should be inferred." *Id.* (citation omitted).

We further conclude that on remand, the sentencing judge should not treat Martinez-Lopez's 2010 DUI conviction as a sentence exceeding thirteen months. In general, California does not allow a defendant to be sentenced to more than 365 days in county jail for a single offense. Cal. Penal Code § 19.2. California courts make an exception, however, where the defendant knowingly and intelligently waives the 365-day cap in order to remain in or return to county jail rather than going to prison (a "*Johnson* waiver"). *People v. Johnson*, 147 Cal. Rptr. 55, 58 (Ct. App. 1978). *Gomez-Leon* held that in the absence of any evidence of a *Johnson* waiver, a federal sentencing court cannot conclude that a sentence issued by a California court exceeded thirteen months where the defendant was sentenced to jail rather than prison in circumstances like those in this case. 545 F.3d at 785. Here, the sentences imposed for Martinez-Lopez's 2010 DUI conviction and the subsequent revocation of his probation for that conviction exceed thirteen months of jail time,[3] but there is

---

[3] Martinez-Lopez was originally sentenced to a 365-day jail term, and he was sentenced to an additional sixty days when his probation was revoked.

5

no evidence of a *Johnson* waiver. Therefore, the sentencing judge must treat these combined sentences as a sentence less than thirteen months.

We are aware that this outcome diverges from the usual approach of the Sentencing Guidelines, which expressly includes revocations of probation as part of a "prior sentence," and which determines the length of a prior sentence "based on the sentence pronounced, not the length of time actually served." U.S.S.G. §§ 2L1.2 cmt. n.2, 4A1.2 cmt. n.2; *see also id.* § 4A1.2(k)(1) ("In the case of a prior revocation of probation . . . add the original term of imprisonment to any term of imprisonment imposed upon revocation."). It also is difficult to reconcile with the purpose of the Guidelines, namely, to "provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records." *United States v. Martinez*, 905 F.2d 251, 253 (9th Cir. 1990) (citation omitted). It also appears to contradict our prior holding in *United States v. Mendoza-Morales*, 347 F.3d 772 (9th Cir. 2003), that "state judicial characterizations of the purpose or nature of a sentence are irrelevant" for federal sentencing purposes. *Id.* at 774. Finally, it is in tension with our subsequent holding in *United States v. Buzo-Zepeda*, 609 F.3d 1024 (9th Cir. 2010), that "a '*Johnson* waiver' in California state court has no effect on the determination of whether a defendant qualifies for a point increase under" the Sentencing Guidelines. *Id.* at 1025.

Nevertheless, today we are constrained by our decision in *Gomez-Leon*, which is reconcilable with *Buzo-Zepeda*[4] only by the narrow distinction that there was evidence of a *Johnson* waiver in the latter but not the former. *Compare Gomez-Leon*, 545 F.3d at 785, *with Buzo-Zepeda*, 609 F.3d at 1025. As there is no evidence of a *Johnson* waiver in this case, the sentencing court on remand must paradoxically treat Martinez-Lopez's 2010 DUI conviction and subsequent probation revocation as a sentence less than thirteen months, when he was in fact sentenced to 425 days, or fourteen months.

**VACATED AND REMANDED.**

---

[4] *Buzo-Zepeda* never discussed *Gomez-Leon*.