## UNITED STATES of America, Plaintiff–Appellee,

### v.

## Loplean Carrell CURTIS, Defendant–Appellant.

### No. 07–10179.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Nov. 28, 2007.

---

Circuit, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

William S. Wong, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Timothy E. Warriner, Esq., Law Offices of Tim Warriner, Sacramento, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, HALL and BYBEE, Circuit Judges.

MEMORANDUM *

Federal prisoner Loplean Carrell Curtis appeals his sentence after pleading guilty to being a felon in possession in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court added three criminal history points after determining that (1) Curtis' prior conviction resulted in a sentence in excess of thirteen months and (2) the resulting incarceration extended to within fifteen years of Curtis' arrest. As a result, the district court sentenced Curtis to thirty months in prison.

On appeal, Curtis argues that his "*Johnson* waiver" in California state court prevented the district court from concluding

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that his prior sentence exceeded thirteen months. This argument is meritless.

 U.S.S.G. § 4A1.1(a) requires a district court to assess three criminal history points where the defendant received a prior "sentence of imprisonment" exceeding thirteen months. The district court correctly added together the 365 days Curtis spent in jail as his condition of probation and the 170 days he spent in jail as a result of his probation violation to conclude that Curtis was sentenced to more than thirteen months for his prior cocaine offense. *See* U.S.S.G. § 4A1.2(k)(1); *United States v. Latimer*, 991 F.2d 1509, 1511 (9th Cir.1993). Because Curtis was released from post-violation confinement less than fifteen years before he was arrested for being a felon in possession, the district court correctly concluded that the prior sentence of imprisonment fell within fifteen years of the commencement of Curtis' instant offense. *See* U.S.S.G. § 4A1.2(k)(2)(B); *Latimer*, 991 F.2d at 1511.

 Curtis' *Johnson* waiver does nothing to alter this analysis. The *Johnson* waiver "is a waiver of a statutory right to credit for time served" on a prior sentence. *People v. Arnold*, 33 Cal.4th 294, 14 Cal. Rptr.3d 840, 92 P.3d 335, 342 (2004). Under California law, when a defendant violates probation after having previously spent one year in county jail as a condition of probation, a California trial judge may not order the defendant to return to jail as a condition of continued probation, but must either order him to prison or give him no sentence at all unless the defendant gives a *Johnson* waiver. *See People v. Johnson*, 82 Cal.App.3d 183, 147 Cal.Rptr. 55, 58 (Ct.App.1978).

After Curtis violated his probation, he provided a *Johnson* waiver of the credits he earned while serving his original one-year term in jail. On February 18, 1993, the Superior Court reinstated his probation and sentenced him to an additional 170 days in jail.

The *Johnson* waiver thus allowed Curtis to avoid a possible prison sentence by waiving his state statutory right to credit for time served. It did not eliminate his prior sentence for purposes of sentencing under the U.S.S.G.

The judgment of the district court is **AFFIRMED.**