**Francisco Javier SANDOVAL-MACIAS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–71354.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Dec. 22, 2008.

Robert Silvers, O'Melveny & Myers LLP, Los Angeles, CA, for Petitioner.

District Counsel Phoenix, Esquire, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stuart Nickum, Trial, David V. Bernal, Assistant Director, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: NOONAN and SILVERMAN, Circuit Judges, and CONLON,* District Judge.

### MEMORANDUM **

Francisco Javier Sandoval–Macias, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006). Reviewing de novo, *id.,* we grant the petition for review.

The BIA's decision preceded this court's recent opinion in *United States v. Gomez–Leon,* 545 F.3d 777 (9th Cir.2008). The Attorney General acknowledges that, as in *Gomez–Leon,* the certified administrative record in Sandoval–Macias' case does not establish whether he was credited for his initial 180–day sentence, a condition of probation, in his subsequent 352–day sentence after a probation violation. This ambiguity results from Cal.Penal Code § 19.2, which restricts a trial court from sentencing a defendant to more than 365 days in jail as a term of probation absent a waiver by the defendant pursuant to *People v. Johnson,* 82 Cal.App.3d 183, 147 Cal.Rptr. 55 (1978). *See Gomez–Leon,* 545 F.3d at 784–85. Under *Gomez–Leon,* the BIA should not have added Sandoval–Macias' sentences together to conclude that he is removable as an aggravated felon for committing "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The government has therefore not met its burden of demonstrating Sandoval–Macias' re-movability. *See Gomez–Leon,* 545 F.3d at 785.

In light of our disposition, we need not address Sandoval–Macias' remaining contentions.

We deny the Attorney General's motion to remand "to adduce further evidence." *See Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121, 1133–35 (9th Cir.2006) (en banc). We vacate Sandoval–Macias' removal order and remand for further proceedings consistent with this disposition. *See Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1080 (9th Cir.2007).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

