UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50153 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00304-AG-1 |
| v. | Central District of California, Santa Ana |
| MARCO ESTEBAN LUNA-DIAZ, AKA Marco Luna Diaz, | ORDER |
| Defendant - Appellant. | |

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

The memorandum disposition filed in this case on May 20, 2010 is hereby

WITHDRAWN.

Appellant's petition for rehearing, filed May 27, 2010, is hereby

GRANTED.

Appellee's petition for rehearing, filed June 9, 2010, is hereby GRANTED.

No further petitions for rehearing will be accepted.

**NOT FOR PUBLICATION**

FILED

AUG 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50153 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00304-AG-1 |
| v. | |
| MARCO ESTEBAN LUNA-DIAZ, AKA Marco Luna Diaz, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 7, 2010[**]
Pasadena, California

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

Marco Esteban Luna-Diaz ("Luna") argues that the district court improperly

assessed three criminal history points for his 1995 voluntary manslaughter

conviction. We disagree and affirm the judgment of the district court. Because

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Luna failed to object to the district court's calculation of his criminal history, we review the district court's decision for plain error.

Section 4A1.1(a) of the Sentencing Guidelines instructs a district court to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." Section 4A1.2(k)(1), for its part, directs a district court to "add the original term of imprisonment to any term of imprisonment imposed upon revocation [of probation, parole, supervised release, special parole, or mandatory release] . . . to compute the criminal history points for § 4A1.1(a)." In accordance with the Guidelines, the district court added Luna's original term of imprisonment (ten months) to the term of imprisonment he received upon having his probation revoked (four months). Because fourteen months "exceed[s] one year and one month," the district court added three criminal history points for Luna's voluntary manslaughter conviction.

Despite the district court's apparent adherence to the Guidelines' commands, Luna argues that our decision in *United States v. Gomez-Leon*, 545 F.3d 777 (9th Cir. 2008), requires us to conclude that the district court plainly erred. In *Gomez-Leon*, we held that it was impossible to tell, under California's unusual sentencing

framework,[1] whether Gomez-Leon's longer second sentence included, or was separate from, his first sentence. Because the record was unclear on that point, and because there was no evidence that Gomez-Leon had consented to a sentence longer than one year, we held that it was improper for the district court to conclude, under U.S.S.G. § 2L1.2(b)(1)(A), that Gomez-Leon had been convicted of a drug trafficking offense "for which the sentence imposed exceeded 13 months." 545 F.3d at 784–85.

As was the case in *Gomez-Leon*, there is no evidence that Luna consented to receiving a sentence longer than one year. But we are reviewing for plain error, which is "strictly circumscribed." *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009). Because we did not address Luna's particular sentencing scenario (where the defendant's first sentence is *longer* than his second sentence) in *Gomez-Leon*, we hold that the district court's calculation of Luna's criminal history did not constitute plain error. *See United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir.

---

[1] California law imposes a one-year cap on the length of time to be served in a jail (as opposed to a prison) that a court may impose as a condition of probation. Cal. Penal Code § 19.2. Thus, under § 19.2, if a defendant violates his probation after having already served one year in jail, the trial court must either impose a *prison sentence* (rather than a *jail sentence*) or provide "a fatherly (or motherly) lecture on the evils of crime." *State v. Johnson*, 147 Cal. Rptr. 55, 57 (Ct. App. 1978). To avoid this "Hobson's choice," *id.* at 58, California courts created what is known as a *Johnson* waiver, which allows California courts to impose time in jail beyond § 19.2's one-year cap if the defendant consents.

1997) ("Plain error . . . is error that is so clear-cut, so obvious, that a competent district judge should be able to avoid it without benefit of objection.").

Luna also argues that his conviction for being in possession of drug paraphernalia should not have affected the district court's calculation of his criminal history because he possessed the paraphernalia while in the process of being in the United States illegally. This argument is foreclosed by *United States v. Cruz-Gramajo*, 570 F.3d 1162 (9th Cir. 2009).

AFFIRMED.