Filed 10/26/15  P. v. Lawson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMES EDWARD LAWSON,<br><br>        Defendant and Appellant. | A144370<br><br>(Mendocino County<br>Super. Ct. Nos. SCTM CRCR<br>12-70121, SCTM CRCR 13-74265) |

James Edward Lawson admitted violating his felony probation in two separate matters (Super. Ct. Mendocino County, case Nos. SCTM CRCR 12-70121 & SCTM CRCR 13-74265; respectively, 2012 case & 2013 case).  He was sentenced to state prison.  Lawson's petition for resentencing on the 2013 case, under Proposition 47, was granted; he was resentenced on both cases, with a state prison sentence imposed on the 2012 case and a concurrent misdemeanor term imposed on 2013 case.

Assigned counsel has submitted a *Wende* brief,[1] certifying that counsel has been unable to identify any issues for appellate review.  Counsel also submitted a declaration confirming that Lawson was advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  In response to this advisement, Lawson has submitted a letter arguing he should be allowed to withdraw his waiver of custody credits that was made in connection with his earlier sentence.  As required, we have independently reviewed the record.  (*People v. Kelly* (2006) 40 Cal.4th

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

1

106, 109–110.) Our review disclosed an apparent disparity between the aggregate prison term imposed and the terms of Lawson's plea agreement in the 2012 case. By order of October 13, 2015, we asked appointed appellate counsel and the Attorney General to submit letter briefs on the issue. There is agreement that the sentence imposed was not authorized under the plea bargain. We therefore order modification of the sentence consistent with the terms of Lawson's original plea agreement. We otherwise affirm.

## I. BACKGROUND

In the 2012 case, Lawson was charged by felony information with two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[2] false imprisonment (§ 236), making a criminal threat (§ 422), and vandalism (§ 594). On June 24, 2013, pursuant to a negotiated plea agreement, Lawson pleaded no contest to a misdemeanor violation of assault with a deadly weapon, and to felony violations of sections 236 and 422.[3] Pursuant to the negotiated disposition, it was agreed that Lawson would be placed on probation for three years with no immediate state prison, and that he would serve 365 days in county jail if he was not accepted into a residential drug treatment program. The prosecution agreed to dismiss the remaining charges, with a *Harvey* waiver,[4] as well as new felony charges. As part of the plea agreement, Lawson agreed to waive 180 days of custody credits. (See *People v. Johnson* (1978) 82 Cal.App.3d 183, 184–185 (*Johnson*).) At sentencing on July 8, 2013, Lawson was placed on three years' probation, with imposition of sentence suspended. He was required to serve 365 days in the county jail as a condition of probation and received 354 days total custody and conduct credit (i.e., with no waiver of custody credits as to the county jail sentence). Conditions of probation included a requirement to enroll in a one-year residential treatment program.

In the 2013 case, Lawson was charged by complaint with having possessed morphine on August 3, 2013, a felony violation of Health and Safety Code section 11350,

---

[2] All undesignated statutory references are to the Penal Code

[3] Lawson was permitted to withdraw a prior plea entered on March 27, 2013, and the parties agreed to amend and restructure the plea agreement and disposition.

[4] *People v. Harvey* (1979) 25 Cal.3d 754.

2

subdivision (a). A probation violation petition was filed in the 2012 case on October 8, alleging that Lawson failed to report to the probation office, failed to enroll in or complete a minimum 12-month residential drug treatment program, was arrested on a new petty theft offense, and was found in possession of morphine and drug paraphernalia (Health & Saf. Code, §§ 11350, subd.(a), 11364). An amended petition filed on November 4, alleged that Lawson also failed to appear for a scheduled court appearance. On November 12, Lawson entered a plea of no contest to the new possession of morphine charge in the 2013 case, and the court found Lawson in violation of his probation in the 2012 case based upon that plea.

On December 19, 2013, Lawson was sentenced in both cases. The court suspended imposition of sentence in the 2013 case and placed Lawson on 36 months' formal probation, with terms including 365 days in county jail. Lawson was awarded 49 days actual custody credit. Probation was reinstated in the 2012 case, and Lawson waived custody credit of 193 days pursuant to *Johnson*. The court reminded Lawson that he was still required to serve a term of 365 days in county jail as a condition of his probation in the 2012 case, but that he would receive credit against that sentence for time spent in the required residential drug treatment program.

*Subsequent Probation Violations*

Another probation violation petition in the 2012 case was filed on December 24, 2013—alleging that Lawson had absconded after transport to the residential program (prior to his intake interview). A probation violation petition also was filed in the 2013 case. An amended petition in the 2012 case alleged that Lawson failed to appear for a scheduled court date on January 6, 2014. On May 27, 2014, Lawson, represented by counsel, admitted the probation violations in both cases.

On June 10, 2014, the court sentenced Lawson to the upper term of three years in state prison for his conviction of possession of a controlled substance in the 2013 case, with total custody credits in the amount of 164 days. In the 2012 case, Lawson received a consecutive term of imprisonment of eight months for his conviction for false imprisonment and an additional eight-month consecutive sentence for the criminal threats

3

conviction, for a total term of imprisonment of four years, four months.  No custody credits were awarded in the 2012 case, based on the prior *Johnson* waiver.

*Resentencing*

In December 2014, Lawson petitioned for resentencing in the 2013 case based on section 1170.18, which was enacted as part of Proposition 47.  On January 13, 2015, the court granted the petition and reduced Lawson's conviction for possession of a controlled substance from a felony to a misdemeanor.  The court then resentenced Lawson on both the 2012 and 2013 cases.  In the 2012 case, the court imposed the upper term of three years for the felony criminal threats conviction and a consecutive term of eight months for the felony false imprisonment conviction—for a total term of imprisonment of three years and eight months.  The court awarded actual custody credit of 249 days.  Lawson also received a concurrent one-year county jail term for the misdemeanor assault with a deadly weapon conviction in the 2012 case, with credit for time served.  In the 2013 case, Lawson received a one-year concurrent terminal sentence for the now-misdemeanor possession of a controlled substance conviction.

*Appeals*

A February 5, 2015 notice of appeal was filed on February 17 in the 2013 case.  That notice was accompanied by a request for a certificate of probable cause, challenging the sentence as a violation of Lawson's plea agreement in the 2012 case.  The trial court granted the request for a certificate of probable cause on February 11.  A second notice of appeal designating both the 2012 and 2013 cases appears in the record, but that second notice is not file-stamped.  A proof of service by mail dated February 20, submitted by Lawson from his prison address, lists the second notice of appeal along with other documents concurrently submitted to the court, including a *Marsden*[5] motion that was file-stamped on February 26.  The documents listed on the proof of service are consecutively paginated in the clerk's transcript, indicating that the later-filed notice of appeal was timely filed.

---

[5] *People v. Marsden* (1970) 2 Cal.3d 118.

4

## II.    DISCUSSION

Apart from the aggregate prison term imposed, we find no arguable issues. Lawson was represented by counsel at every relevant stage of these proceedings.  He entered pleas of no contest in both matters to the underlying offenses as part of negotiated dispositions, and the record shows that the pleas were made after appropriate advisement of rights, and were knowing and voluntary.  His plea in the 2013 case established that he had violated the terms of his probation in the 2012 case.  Lawson made no appeal from the judgments entered in both cases on June 10, 2014.

Lawson's principal complaint, set forth in his request for a certificate of probable cause and in his letter filed with this court on October 5, 2015, appears to be that he should now be allowed the custody credits he waived in the 2012 case, and the trial court's selection of the aggravated term on the criminal threats count on resentencing. Assuming that his request to withdraw his plea in 2012 case is still cognizable, we find no merit in his claim to previously waived custody credits.  A defendant may knowingly and intelligently waive the provisions of section 2900.5 that require all days of custody be credited to his sentence, including any period of imprisonment as a condition of probation.  (*People v. Johnson, supra,* 82 Cal.App.3d at pp. 187–188.)  Lawson did so.

The trial court expressly conditioned its acceptance of Lawson's plea on Lawson's willingness to waive custody credits in that case.  Lawson was admonished by the court that he would lose those credits "forever for all purposes.  He would never get them back. If he violates his probation, . . . he would lose all the previous time that he's served as credits."  At the time of sentencing on his first probation violation, the court again required a waiver of custody credits as a condition of restoring Lawson to probation, and told "If you *Johnson* waive these credits they are waived for all purposes, even if you were to be sent to prison in the future."  Lawson said that he understood, and counsel concurred.

Lawson also complains that the court sentenced him to the aggravated term of three years for the criminal threats conviction in the 2012 case when the prior sentence was one-third of the two-year midterm.  However, once the original primary term was

reduced to a misdemeanor, the felony sentences in the 2012 case were no longer subordinate terms restricted to one-third of the midterm under section 1170.1, subdivision (a).

When a defendant is resentenced as a misdemeanant on an eligible count, but will remain sentenced as a felon on one or more other counts, the court should resentence on all counts. (Couzens et al., Sentencing California Crimes (Rutter Group 2015) § 25:6(B)(4), p. 25-63.) The only limitation is that "the term" on resentencing may not be longer than the term originally imposed. (§ 1170.18, subd. (e).) The term imposed here was not. The situation is analogous to that of sentencing on remand after appellate reversal of one or more charges. In that context, the court is free to "reconsider[] its prior sentencing choices made under the normal rules of felony sentencing, including imposing a higher term for the principal, or base, term, so long as the total prison term for all affirmed counts does not exceed the original aggregate sentence." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1253.) " 'This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.' " (*Id*. at p. 1258.) We see no reason that any different rule should apply here.

"When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . ." (§ 1170, subd. (b); see Cal. Rules of Court, rule 4.420.) Lawson made no objection at the time of sentence. He is precluded from raising the issue for the first time on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Lawson, in any event, makes no showing that the court abused its considerable discretion in selection of the upper term of imprisonment for the criminal threats count in the 2012 case.

We do, however, find a different issue with the sentence imposed. On March 27, 2013, at the time of Lawson's original plea in the 2012 case, the record colloquy between the court and counsel indicated that Lawson would receive a maximum term of three years if committed to state prison. That limitation was also reflected in the probation report. That plea was withdrawn with the permission of the court, but the transcript of

6

Lawson's subsequent plea on June 24, 2013, while not as clear, again reflects inclusion of a three-year limitation. The court asked, "There was a three-year lid here though, wasn't there?" In response, the district attorney said, ""Well, there's a three-year stipulated. It's not a lid."

A negotiated plea agreement is a form of contract, acceptance of which binds the court and the parties to the agreement. (*People v. Segura* (2008) 44 Cal.4th 921, 930.) "Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain.' "[6] (*Id*. at p. 931.) While the original sentence imposed did not exceed the limits imposed by the plea agreement, the eight-month consecutive term for Lawson's felony conviction of false imprisonment did. The parties agree that we may correct the error by ordering modification of the sentence.

### III.    DISPOSITION

We order modification of Lawson's sentence to require the midterm sentence imposed for false imprisonment (§ 236) be served concurrently with the principal upper term of three years for making a criminal threat (§ 422). The clerk of the Mendocino County Superior Court is directed to prepare an amended abstract of judgment. We otherwise affirm.

---

[6] We agree with Lawson that the sentence imposed here was consequently unauthorized, and that his failure to object at the time of sentencing did not waive the issue. (See *People v. Scott, supra,* 9 Cal.4th at p. 354 ["claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner"].)

7

_____

BRUINIERS, J.


WE CONCUR:


_____

SIMONS, Acting P. J.


_____

NEEDHAM, J.