Filed 4/28/16  P. v. Cairns CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>PAUL MICHAEL CAIRNS,<br><br>  Defendant and Appellant. | C079218<br><br>(Super. Ct. No. MC RD CRF 140000939) |

Appointed counsel for defendant Paul Michael Cairns has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We modify the judgment to correct a mandatory fee amount, and affirm the judgment as modified.  However, as we describe, we direct correction of the probation order (narrative minute order of judgment and sentencing) to delete certain fines, fees, and costs not orally pronounced or otherwise already satisfied.

1

# BACKGROUND

A felony complaint filed February 28, 2014, in case No. 14F00939 accused defendant of felony vandalism (count 1; Pen. Code, § 594, subd. (b)(1))[1] and alleged that he was released on bail or own recognizance (OR) in case No. 11F07582 when he committed the offense (§ 12202.1).

On March 27, 2014, defendant pleaded guilty to count 1 in return for immediate referral to probation, credit for time served, OR release, a grant of felony probation, the dismissal of the on-bail allegation, and the dismissal of case No. 11F07582 with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The parties stipulated to the police report as containing the factual basis. The trial court entered a no-contact order as to the victim in count 1.

According to the police report, on January 7, 2014, the victim reported vandalism on her property which consisted of damage to a 15-foot-wide sliding iron gate. A surveillance video showed a person getting out of a truck, attaching a chain to the gate, and driving some distance. The victim identified the driver as defendant. She had reported him many times over the last month for vandalism, theft, or threats. On May 14, 2014, defendant notified counsel that he wished to withdraw his plea. Based on that interview, counsel declared a doubt. (§ 1368). On June 17, defendant was taken back into custody. On July 9, the trial court found defendant incompetent to stand trial and referred the matter to Northern California Conditional Release Program for a report and recommendation as to placement. After receiving the report, the court suspended criminal proceedings and committed defendant to Napa State Hospital (§ 1370, subd. (a)(1)), where he remained from November 18 to December 18, 2014.

---

[1] Further undesignated statutory references are to the Penal Code.

On March 3, 2015, defendant moved to withdraw his plea, claiming he entered it on the mistaken belief he was pleading to misdemeanor (rather than felony) vandalism. He claimed he was unable to understand the specifics of his plea at the time it was entered. The People opposed the motion, attaching defendant's plea agreement and the transcript of the change of plea hearing. After a hearing on April 10, 2015, the trial court denied the motion.

The trial court suspended imposition of sentence and granted defendant three years of felony probation per the plea agreement. Because defendant's custody credits totaled 432 days (201 actual days and 200 conduct days, plus 31 days in Napa State Hospital), the parties agreed that defendant would waive credit exceeding 365 days pursuant to *People v. Johnson* (1978) 82 Cal.App.3d 183. Defendant did so. The court imposed a $280 restitution fine and a stayed probation revocation restitution fine in the same amount (§§ 1202.4, 1202.44), and imposed a $30 court operations assessment (§ 1465.8; the mandatory assessment is $40), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court ordered restitution to the victim as directed by the probation officer, and renewed the no-contact order as to the victim.

The trial court also ordered "a total fine of $780, which given the amount of custody that you have served I'll credit you $30 a day against the fine." The greater amount divided by the lesser is 26 days; given that defendant served hundreds of days in actual custody, the court clearly intended defendant pay nothing toward the $780 fine. The court did not orally order any additional fines, fees, nor did it incorporate by reference other suggested costs and fees in the probation report.

The resulting probation order purports to break down the $780 total fine into various fines, fees, and assessments, and stay the total. The order also includes a provision, separate from the terms and conditions of probation, directing defendant pay the cost of probation services, not to exceed $75 per month; a $151 booking fee; and a $250 fee for preparation of the presentence investigation report (§ 1203.1b, subd. (a)).

3

**DISCUSSION**

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we note the mandatory $40 court operations assessment (§ 1465.8) was orally imposed as $30 but correctly recorded as $40 in the resulting probation order.  We modify the judgment to correct the fee amount, but need not order the probation order amended.

However, the probation order incorrectly stays the $780 total fine rather than imposing it but deeming it satisfied through application of custody credit, as was the trial court's intent (which we have described *ante*).  Further, the probation order refers to costs and fees which the trial court did not orally order at sentencing.  The oral pronouncement of judgment controls, and the court clerk may not alter the judgment by adding orders not made or incorporated by reference at sentencing.  (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 385, 389.)  Therefore, we direct the trial court to correct the probation order by acknowledging the satisfaction of the $780 total fine and deleting all unpronounced costs and fees.

4

## DISPOSITION

The judgment is modified to increase the court operations assessment to $40. As modified, the judgment is affirmed. The trial court is directed to issue a corrected probation order to eliminate all unpronounced and satisfied monetary obligations as described by this opinion, and to provide copies of the new order to defendant directly as well as to all relevant authorities.

                                                                   /s/
                                                        Duarte, J.

We concur:

         /s/
Robie, Acting P. J.

         /s/
Mauro, J.