Filed 10/5/16  P. v. Schlotthauer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ELESA GRACE SCHLOTTHAUER,<br><br>    Defendant and Appellant. | C080273<br><br>(Super. Ct. No. CM039660) |

After defendant Elesa Grace Schlotthauer pleaded guilty to possession of methamphetamine and child endangerment, the trial court placed her on 48 months' probation conditioned on serving 30 days in jail.  Defendant later admitted a violation of probation and the trial court sentenced her to a one-year term on the possession count and a concurrent six-month term on the child endangerment counts without awarding her credit for time served, and ordered her to register as a narcotics offender.  Defendant contends this was an unauthorized sentence.  We agree and order the registration requirement stricken and remand the matter for the trial court to calculate and award defendant credit for time served.

1

# FACTS AND PROCEEDINGS

We note that the parties stipulated that there was a factual basis for the plea, but did not specify what that factual basis was or reference any document setting forth that factual basis. This recitation of facts is taken from the probation report.

While executing a search warrant at Raymond Walters's home, officers searched defendant's bedroom and found 0.10 grams of methamphetamine, 21.97 grams of marijuana bud, and multiple bottles of prescription medication. The prescription drugs were within arms' reach of a four-year-old child who was also in the bedroom. There were drugs throughout the home, as well as indicia of sales. Upon being arrested and booked, officers found defendant also in possession of 0.07 grams of methamphetamine.

Defendant pleaded guilty to misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and child endangerment (Pen. Code, § 273a, subd. (b); unless otherwise set forth, statutory references that follow are to the Penal Code). The trial court suspended imposition of sentence and placed her on 48 months' probation, on various terms and conditions, including 30 days in county jail with credit for three days served. The trial court also ordered defendant to register as a narcotics offender pursuant to Health and Safety Code section 11590.

A little over a year into defendant's probation, the probation officer filed a violation of probation petition, alleging defendant had been terminated from her court-ordered child abuse class. Defendant admitted the violation. The trial court terminated defendant's probation and sentenced her to one year in county jail on the possession charge and a concurrent six months on the child endangerment charge. The trial court did not award defendant any custody credits.

DISCUSSION

I

*Narcotics Offender Registration*

Defendant contends the order requiring her to register as a narcotics offender is unauthorized and should be stricken. The People properly concede the issue. Health and Safety Code section 11590 expressly does not apply to misdemeanor convictions for possession under Health and Safety Code section 11377. (Health & Saf. Code, § 11590, subd. (c).) Accordingly, we order the registration requirement stricken.

II

*Credits for Time Served*

Defendant next contends the failure to award her credit for time served as a condition of probation resulted in an unauthorized sentence. Defendant goes on to claim by not awarding her credit for time served, the trial court imposed a de facto sentence that exceeded the statutory maximum, and therefore any excess time served must be credited to her qualifying fines. The People respond to this issue by arguing it must be rejected because defendant is challenging the validity of her plea and did not obtain a certificate of probable cause. The People also argue the sentence was not unauthorized if the 30-day probation condition term was attached to her conviction for child endangerment, rather than possession. Irrespective of which charge the 30-day probation condition attached to, defendant was entitled to receive credit for time served as a condition of probation. We will remand the matter to the trial court to calculate and award defendant's credit for time served.

*Certificate of Probable Cause*

We find defendant's claim does not require a certificate of probable cause as it is not a challenge to the validity of her plea. The People rely on authority that holds where

3

a negotiated sentence is imposed as part of a plea, challenging that sentence on appeal is a challenge to the validity of the plea itself. (*People v. Shelton* (2006) 37 Cal.4th 759, 766.)

Here, there was no negotiated sentence of specified maximum. The parties agreed to reduce the felony drug charge to a misdemeanor and dismiss remaining charges, in exchange for a guilty plea to misdemeanor drug charge and child endangerment. The court referred the matter to probation for a sentencing recommendation and later asked for the People's sentencing recommendation. Nowhere in the plea is there any discussion of an agreed upon sentence as part of the plea. Thus, the parties essentially agreed the trial court could sentence defendant up to the maximum term. This left to the trial court's discretion the proper choice within that term. "[A] certificate of probable cause is not required to challenge the exercise of individualized sentencing discretion within an agreed maximum sentence. Such an agreement, by its nature, contemplates that the court will choose from among a range of permissible sentences within the maximum, and that abuses of this discretionary sentencing authority will be reviewable on appeal, as they would otherwise be. Accordingly, such appellate claims do not constitute an attack on the validity of the plea, for which a certificate is necessary." (*People v. Buttram* (2003) 30 Cal.4th 773, 790-791.)

*Credits for Time Served*

Section 2900.5 provides, in pertinent part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, . . . , any time spent in a jail, . . . , all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, credited to the period of confinement pursuant to Section 4019, . . . shall be credited upon his or her term of imprisonment, or credited to any fine. . . . In any case where the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited

4

to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine, including, but not limited to, base fines, on a proportional basis." (§ 2900.5, subd. (a).) "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.)

Defendant was ordered to serve 30 days in jail as a condition of her probation with credit for three days served. Upon sentencing defendant after her violation of probation, the trial court did not award defendant any credit for time served. The record does not disclose a knowing and intelligent waiver of defendant's right to custody credits under section 2900.5. (*People v. Johnson* (1978) 82 Cal.App.3d 183.) Nor does the record reflect how many days defendant actually served. Accordingly, we will remand the matter to the trial court to comply with section 2900.5 including any credit toward fines if appropriate.

### DISPOSITION

The matter is remanded to the trial court for application of section 2900.5, calculating and awarding defendant custody credits. The narcotics registration requirement imposed under Health and Safety Code section 11590 is stricken. In all other respects, the judgment is affirmed.

_____HULL_____, Acting P. J.

We concur:

_____ROBIE_____, J.

_____HOCH_____, J.

5