Filed 7/24/24  P. v. Dillman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C099410 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CF04187, 20CF04474, 20CF05157, 21CF05746 & 22CM05566) |
| v. | |
| DWAYNE LAWRENCE DILLMAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dwayne Lawrence Dillman filed an opening brief that sets forth the facts of five cases and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

In four separate cases, defendant pleaded no contest to three counts of possession of methamphetamine and one count of failing to appear.  (Health & Saf. Code, § 11377,

1

subd. (a); Pen. Code, § 290.011, subd. (a), Pen. Code, § 1320, subd. (b).)[1] One count of possession of drug paraphernalia, two counts of failing to appear, and other enhancement allegations were dismissed. (Health & Saf. Code, § 11364, subd. (a); § 1320, subd. (b).)

The trial court took the factual basis for the plea from the probation report which stated defendant possessed methamphetamine on August 26, 2020, September 11, 2020, and October 15, 2020, and failed to appear in court.

At the March 30, 2022 sentencing hearing, defendant asked the trial court to sentence him to the middle term, however, the trial court imposed a five-year prison term. This sentence included the upper term of three years on the principal term, plus eight months consecutive on the other three counts. The trial court stayed the sentence and granted defendant probation so defendant could enter a drug treatment program. Defendant waived his right to his prior presentence credits pursuant to *People v. Johnson* (1978) 82 Cal.App.3d 183. Defendant further stipulated to the upper term of five years if he were later sent to prison.

The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), an equal parole revocation fine (§ 1202.45), a $30 conviction assessment fee, and a $40 court operations fee per count (§ 1465.8; Gov. Code, § 70373), but declined to impose a criminal lab fee or drug program fees.

Subsequently, in a fifth case, defendant pleaded no contest to a misdemeanor failing to register as a sex offender. Defendant also admitted he violated his probation. As a result, the trial court revoked appellant's probation, imposed the sentence noted above, and added a six-month concurrent sentence for the misdemeanor plea.

Defendant filed a timely notice of appeal.

---

[1]     Further undesignated statutory references are to the Penal Code.

## DISCUSSION

Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *People v. Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____\s\_____,
Krause, J.

We concur:


_____\s\_____,
Hull, Acting P. J.


_____\s\_____,
Feinberg, J.