Filed 10/11/24  P. v. Singer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

|  |  |
|---|---|
| THE PEOPLE, | C100418 |
| Plaintiff and Respondent, | (Super. Ct. Nos. F22050, F23057) |
| v. | |
| RYAN BUCHMAN SINGER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ryan Buchman Singer asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we shall correct a clerical error in the judgment and otherwise affirm.

1

A.     <u>Firearm Possession Case</u>

In March 2023, defendant was charged in Modoc County case No. F22050 (the firearm possession case) with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count one) (statutory section citations that follow are found in the Penal Code unless otherwise stated); unlawful possession of ammunition by a felon (§ 30305, subd. (a)(1); count two); two counts of being a convicted person having a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count three [revolver] & count four [rifle]); driving while privilege suspended or revoked (Veh. Code, § 14601.1, subd. (a); count five); and unlawfully driving a vehicle upon a highway at a speed greater than 65 miles per hour (Veh. Code, § 22349, subd. (a); count six).

In May 2023, defendant pleaded no contest to count one in exchange for two years in state prison with execution of sentence suspended.  Under the terms of the conditional plea agreement, defendant would be placed on formal probation for two years with the initial jail time for the probation to be credit for time served, and the remaining charges would be dismissed at sentencing.  The parties stipulated to the preliminary hearing transcript, and police and probation reports as the factual basis for defendant's plea.  The plea form also included the following:  "Defendant stopped for speeding.  Had firearms in vehicle."  (Capitalization omitted.)

Defendant also entered a *Cruz*[1] waiver, which permitted him to travel out of state to attend to family matters and required him to check in with probation upon his release, to report to probation on June 2, 2023, after returning to California, and to appear for sentencing on June 27, 2023.  If defendant failed to comply with the terms of the *Cruz* waiver, he agreed his plea would convert to an "open plea" and that the court could

---

[1]  *People v. Cruz* (1988) 44 Cal.3d 1247.

sentence him to the maximum sentence allowed by law. As part of the plea agreement, defendant also agreed to a *Johnson*[2] waiver of credits if he failed to appear as promised, and agreed to waive extradition to California.

Defendant did not report to probation upon his release, did not check in with probation on June 2, 2023, and failed to appear for sentencing on June 27, 2023. The court issued a no-bail warrant for his arrest.

In June 2023, the probation department submitted a report and recommendation to the court stating that during its presentence investigation, it determined defendant had two or more prior felony convictions, making him presumptively ineligible for probation absent an unusual case finding. Because defendant failed to abide by the court's directives to report for his presentence interview, and given the applicable court rules, probation recommended against making an unusual case finding and suggested that defendant was not a suitable candidate for probation, especially given a recent felony evading conviction in March 2023 in Oregon.

At a hearing in December 2023, defendant claimed he had withdrawn his plea. The court found defendant's plea had not been withdrawn and requested a presentence report from probation.

### B.      Failure to Appear Case

In the meantime, defendant was charged in December 2023 in Modoc County case No. F23057 (the failure to appear case) with the failure to appear on his own recognizance (§ 1320, subd. (b)) in the firearm possession case. An out-on-bail enhancement was also alleged (§ 12022.1).

---

[2] *People v. Johnson* (1978) 82 Cal.App.3d 183.

C. Further Proceedings Related to Both Cases

In January 2024, the probation department submitted a report reiterating its previous findings and recommendation against granting probation in the firearm possession case. The report noted that in addition to defendant's March 2023 felony conviction in Oregon, defendant had also been convicted of felony assault and possessing stolen property in Washington in November 2023. The department found no mitigating factors and two circumstances in aggravation (Cal. Rules of Court, rule 4.421(b)(2), (b)(3)): that defendant's prior convictions as an adult were numerous and increasing in seriousness and that he had served a prior prison term. The department recommended continuing sentencing until defendant's failure to appear case resolved.

At a hearing on January 16, 2024, defendant disputed whether he had entered a *Johnson* credit waiver in the firearm possession case and offered to stipulate to two years in prison in that case if the prosecution agreed to dismiss the failure to appear case.

At a continued hearing on January 25, 2024, the court found that defendant had given a *Johnson* waiver in the firearm possession case and that under the terms of the waiver, that defendant agreed to waive credit up until he failed to appear, but not up until sentencing. The prosecutor agreed that if defendant pleaded to the failure to appear offense, she would not object to dismissing the on-bail enhancement or running the term concurrent to the sentence imposed in the firearm possession case.

Thereafter, defendant pleaded no contest to the failure to appear offense, executing a written plea form stipulating to two years in state prison, concurrent to the sentence in the firearm possession case. The parties stipulated to various court records as the factual basis for the plea, and the court accepted his plea.

The trial court sentenced defendant to state prison for the midterm of two years in the firearm possession case, and a concurrent midterm of two years in the failure to appear case. The on-bail enhancement in the failure to appear case was dismissed. In the

4

firearm possession case, the court imposed a $200 restitution fine (§ 1202.4) and a $200 parole revocation restitution fine, which was stayed pending successful completion of parole or post-release community supervision.  The court awarded defendant 59 actual days and 58 conduct days for a total of 117 days of credit in each case.  Defendant timely appealed in both cases without a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having examined the entire record, it appears the trial court failed to dismiss counts two through six in the firearm possession case as contemplated by the parties' plea agreement.  Although the prosecutor indicated during the change of plea hearing that the remaining counts in the firearm possession case would be dismissed at the sentencing hearing, neither counsel nor the court addressed counts two through six at sentencing, and neither party brought dismissal of the charges to the court's attention.  Under the circumstances, it appears the failure to dismiss the remaining counts in the firearm possession case was an inadvertent clerical error rather than an exercise of judicial discretion.  Therefore, the error may be corrected on appeal.  (*In re Candelario* (1970) 3 Cal.3d 702, 705-706 [clerical error not involving exercise of the court's judicial discretion subject to correction on appeal]; *People v. Segura* (2008) 44 Cal.4th 921, 930-931 [trial court bound by terms of plea agreement it accepts].)

Accordingly, we shall modify the judgment to dismiss counts two through six in the firearm possession case as contemplated by the parties' plea agreement.  Because the

5

abstract of judgment reflects only defendant's no contest plea to count one in that case (being a felon in possession of a firearm), and does not reference counts two through six, the abstract of judgment need not be amended.

We find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to dismiss counts two through six in case No. F22050. As so modified, the judgment is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
DUARTE, J.

_____
RENNER, J.

6